Mr. Justice NELSON
delivered the opinion of the court.
The case turns upon the answer to be given upon the evidence to this charge in the bill, as it is agreed that, according to the law of Rhode Island, the debtor in insolvent circumstances has a right to prefer creditors in the distribution of his estate, or in the application of it to the payment of his debts.
The charge is denied in the answers, and Edward Sea-grave, the debtor, not made a party to the bill, who was called as a witness for the defendants, sustains the answers. He testified that there was no agreement or understanding between him and the firm of Phetteplace & Seagrave that he was to share in the profits arising out of the purchase of this paper, nor had he any interest in the same, Dor has he ever received any share of the profits, nor do the purchasers hold any portion of them in trust for his benefit.’ His testimony upon this point, and which constitute the main issue in the case, is full and explicit in the denial of any participation, directly or indirectly, in the transaction. The evidence relied on on the other side to overcome the answers of the defendants, and the testimony of this witness, is circumstantial and argumentative.
The court below, on a very full consideration of all the proofs, came to the conclusion that the purchase of the paper by Phetteplace & Seagrave was an independent transaction, without any agreement or understanding with the debtor; that their title to the paper was absolute and unqualified, and that the debtor had no interest in the same, legat or equitable, present or future, and rendered a decree dismissing the bill. We agree that there is ground of suspicion that the purchase was made by the friends and for the benefit of Edward Sea.grave, the debtor, but concur with the court that the weight *690 of tbe proofs is otherwise, and the bill properly dismissed. The question upon the assignment to Updike is so intimately connected with the transaction wo have just examined, the conclusion arrived at in the one must control that in the other.
The principal point made against this assignment is, that the preference in it in favor of Phetteplace & Seagrave for certain debts and liabilities, embrace the outstanding paper which they had purchased, and which was secured by the previous conveyances. But, on looking into the assignment, this interpretation is not warranted. The preference relates to other indebtedness and liabilities.
It is also said that Edward Seagrave embraced in this assignment the purchased outstanding paper which he took up, on giving security to the purchasers. But this was proper, as Merrit & Co., and Harris, who were on the paper, had bound themselves to indemnify Seagrave against it, and were, therefore, still liable upon it; and were to the assigns on the transfer of it to him.
Decree aeeirmed
Mr. Justice MILLER dissented.